IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-349-RJC-DCK

| | |
|---|---|
| JACQUELINE ALLEN BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID A. SIMPSON, )<br>CITIMORTGAGE, INC., )<br>JESSE B. CALDWELL, and )<br>DOVER MORTGAGE COMPANY, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant The Honorable Jesse B. Caldwell, Senior Resident Superior Court Judge, State of North Carolina's "Motion To Dismiss" (Document No. 4). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

**I. BACKGROUND**

*Pro se* Plaintiff Jacqueline Allen Bey ("Plaintiff") filed a "Petition For Federal Intervention And Request For Injunctive Relief" (Document No. 1) (the "Complaint") on July 20, 2011. Defendant Jesse B. Caldwell ("Defendant" or "Caldwell"), Senior Resident Superior Court Judge, by and through the North Carolina Attorney General, then filed the pending "Motion To Dismiss" on August 22, 2011. (Document No. 4). Plaintiff has thus far failed to file a response, and the time to do so has lapsed.

On September 12, 2011, the undersigned issued an Order advising Plaintiff of her right to

file a response and *sua sponte* granted her an extension of time to do so. (Document No. 10). The undersigned further advised Plaintiff that failure to file a persuasive response by September 26, 2011 would likely lead to the dismissal of her lawsuit against Defendant Caldwell. Id.

It appears that Plaintiff received a copy of the Court's Order (Document No. 10) by certified U.S. mail, prior to September 18, 2011. (Document No. 11). However, Defendant has filed a "Notice Of Returned Mail" that his motion to dismiss and memorandum, also sent by certified mail, were returned marked "Not Deliverable As Addressed - Unable To Forward." (Document No. 12). Defendant used the same address the Court successfully used for service of its Order, and as appears on the Court's docket.

Immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. DISCUSSION

Although it appears that Plaintiff may not have received (or accepted) service of Defendant Caldwell's "Motion To Dismiss" (Document No. 4), the undersigned is satisfied that Plaintiff received service of the Court's "Order" (Document No. 10), which informed her that a motion to dismiss had been filed and that she was required to respond on or before September 26, 2011.

In addition, the undersigned observes that Defendant Caldwell has shown good cause for dismissal including, *inter alia*, that this Court lacks jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Essentially, Plaintiff's Complaint seeks an order reversing a North Carolina state court decision by Defendant Caldwell related to a foreclosure matter. Defendant's motion and supporting memorandum make a persuasive argument citing relevant authority that this Court cannot conduct an appellate review of state court decisions. (Document Nos. 4 and 5). Moreover, the specific claims against Caldwell are barred by the Eleventh Amendment and the doctrine of judicial

2

immunity.  Id.

Based on Plaintiff's failure to file a timely response to the pending motion to dismiss and/or the Court's "Order" (Document No. 10), and on the sound arguments and authority presented by Defendant Caldwell in his motion and memorandum, the undersigned finds that the motion should be granted.

## III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Caldwell's "Motion To Dismiss" (Document No. 4) be **GRANTED**.

## IV.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for Defendant Caldwell, the *pro se* Plaintiff, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: September 28, 2011

David C. Keesler
United States Magistrate Judge