# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-349-RJC-DCK

| | |
|---|---|
| JACQUELINE ALLEN BEY, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| DAVID A. SIMPSON, | ) |
| CITIMORTGAGE, INC., | ) |
| JESSE B. CALDWELL, and | ) |
| DOVER MORTGAGE COMPANY, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant CitiMortgage, Inc.'s Motion To Dismiss" (Document No. 14). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Jacqueline Allen Bey ("Plaintiff") filed a "Petition For Federal Intervention And Request For Injunctive Relief" (Document No. 1) (the "Complaint") on July 20, 2011. Defendant CitiMortgage, Inc. ("Defendant" or "CitiMortgage") filed the pending "Motion To Dismiss" (Document No. 14) and a "Memorandum In Support Of Defendant CitiMortgage, Inc.'s Motion to Dismiss" on October 5, 2011 (Document No. 15). Plaintiff failed to file a response, and the time to do so originally lapsed on October 24, 2011.[1] On November 14, 2011, in recognition of

---

[1] The Court had already advised Plaintiff in this case of her right to respond to motions to dismiss and the consequences of her failure to do so, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). See (Document No. 10).

Plaintiff's *pro se* status, and out of an abundance of caution, the Court *sua sponte* issued a second "Roseboro notice" in this case and ordered Plaintiff to file a response to the pending motion on or before November 23, 2011. (Document No. 18). To date, Plaintiff has failed to respond to the pending motion or the Court's Order (Document No. 18). Thus, immediate review of the pending motion and recommendation for disposition to the presiding district judge is now appropriate.

## II. DISCUSSION

Defendant CitiMortgage advances several arguments that show good cause for dismissal. First, Defendant asserts that this action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4) and 12(b)(5), because Plaintiff's process and attempted service of process are insufficient as a matter of law. (Document No. 15, p.5). The Federal Rules of Civil Procedure require a party to serve a summons with a copy of the complaint to each defendant, served by "[a]ny person who is at least 18 years old and *not a party* . . ." to the suit. Fed.R.Civ.P. 4(c)(2) (emphasis added). Similarly, neither the North Carolina Rules of Civil Procedure, nor the Missouri Rules of Civil Procedure allow a party to personally serve a Defendant with process. N.C.R.Civ.P. 4(a); Mo.R.Civ.P. 54.13.

Here, it appears that Plaintiff attempted to serve process by delivering a summons and copy of the complaint to Defendant by U.S. Postal Service, registered mail, and filed a proof of service alleging proper service on Defendant. (Document No. 9). "A motion for Rule 12(b)(5) is the appropriate means for challenging the sufficiency of service of process. The Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4." Knotts v. Univ. of N.C. at Charlotte, 3:08-CV-478-RLV-DCK, 2011 WL 650493, at *8 (W.D.N.C. Feb. 10, 2011) (internal citation omitted). "[E]ven when service by mail is proper, it cannot be a party who mails it." Id. at *9. Thus, the undersigned recommends that the Court

dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

Next, Defendant contends that this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's Complaint "is an attempt to re-litigate issues that have already been judicially determined by the North Carolina state courts." (Document No. 15, p.8). The undersigned has already recommended that Plaintiff's Complaint against Honorable Jessie B. Caldwell, another Defendant in this case, be dismissed on the same grounds. (Document No. 13). Essentially, Plaintiff's Complaint seeks an order reversing a North Carolina state court decision in favor of Defendant CitiMortgage related to a foreclosure matter. However, based on the Rooker-Feldman doctrine, Plaintiff may not re-litigate issues that have already been determined by a North Carolina state court. See, e.g., Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (referring to District of Columbia Ct. App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)). Defendant asserts that this same argument supports dismissal pursuant to Rule 12(b)(6). Based on the foregoing, the undersigned agrees that Rules 12(b)(1) and 12(b)(6) also provide a sufficient basis for the Court to dismiss Plaintiff's claim.

In sum, based on Plaintiff's failure to file a timely response to the pending motion to dismiss, and on the sound arguments and authority presented by Defendant CitiMortgage in its motion and memorandum, the undersigned finds that the motion to dismiss should be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant CitiMortgage, Inc.'s Motion To Dismiss" (Document No. 14) be **GRANTED**.

### IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions

of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for Defendant Citimortgage, Inc., the *pro se* Plaintiff, and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 28, 2011

David C. Keesler
United States Magistrate Judge