UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-349-RJC-DCK

| | |
|---|---|
| JACQUELINE ALLEN BEY, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>DAVID A. SIMPSON, )<br>CITIMORTAGE, INC, )<br>JESSE B. CALDWELL, and )<br>DOVER MORTGAGE COMPANY, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendants CitiMortgage, Inc. and the Honorable Jesse B. Caldwell's ("Caldwell") "Motion(s) to Dismiss," (Doc. Nos. 4; 14), and the Magistrate Judge's Memoranda and Recommendations ("M&R"), (Doc. Nos. 13; 21), recommending that the Court **GRANT** Defendants' motions. For the reasons below, the Court **ADOPTS** the Magistrate Judge's M&Rs and **GRANTS** Defendants' motions to dismiss.

I. BACKGROUND

*Pro se* Plaintiff Jacqueline Allen Bey ("Plaintiff") filed a "Petition for Federal Intervention and Request for Injunctive Relief," (Doc. No. 1) (the "Complaint"), on July 20, 2011. Plaintiff has not filed proof of service on Defendants Dover Mortgage Company or David A. Simpson.

Plaintiff served a summons on Caldwell, (Doc. No. 6), on August 1, 2011. Caldwell then filed a "Motion to Dismiss," (Doc. No. 4), on August 22, 2011. Plaintiff failed to file a response. On September 28, 2011, the Magistrate Judge issued an M&R, (Doc. No. 13), recommending

1

that the Court grant Caldwell's "Motion to Dismiss," (Doc. No. 4). Neither party objected to the Magistrate Judge's M&R.

Plaintiff served CitiMortgage with a summons, (Doc. No. 9), on August 18, 2011. CitiMortgage filed a "Motion to Dismiss," (Doc. No. 14), and a "Memorandum in Support of Defendant CitiMortgage, Inc.'s Motion to Dismiss," (Doc. No. 15), on October 5, 2011. Plaintiff again failed to file a response. On November 28, 2011, the Magistrate Judge issued an M&R, (Doc. No. 21), recommending that the Court grant Defendant CitiMortgage's "Motion to Dismiss," (Doc. No. 14). Neither party objected to the Magistrate Judge's M&R.

## II.   STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Where a party fails to object to a Magistrate Judge's M&R, the district court may accept, object, or modify the M&R without explanation. Camby, 718 F.2d at 199. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III.   ANALYSIS

After a careful review of the record in this case, the Court finds that the Magistrate Judge's findings of fact are supported by the record and his conclusions of law are consistent

with and supported by current case law.  The Court hereby **ACCEPTS** both of the Magistrate Judge's M&Rs and **ADOPTS** both as the decision of the Court.  Rule 72(b) of the Federal Rules of Civil Procedure allows a party 14 days to file specific written objections to a Magistrate Judge's proposed findings and recommendations.  FED. R. CIV. P. 72(b)(2).  Plaintiff has not objected to either of the Magistrate Judges' M&Rs, therefore the Court need not elaborate.  See Camby, 718 F.2d at 199.

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days of the complaint being filed.  FED. R. CIV. P. 4(m).  The plaintiff has failed to do so.  When Plaintiff fails to timely serve a defendant, the Court must dismiss Plaintiff's complaint against those defendants or order that service be made within a specified time.  Before the Court dismisses, however, it must first notify Plaintiff of its intention to do so.  The Court orders Plaintiff to show cause within fourteen (14) days of the date of this Order why her case against Defendant Simpson and Defendant Dover Mortgage Company should not be dismissed for failure to timely serve them.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2. The Magistrate Judge's M&R, (Doc. No. 21), is **ADOPTED**;

3. Defendant the Honorable Jesse B. Caldwell's "Motion to Dismiss," (Doc. No. 4), is **GRANTED**;

4. Defendant CitiMortgage, Inc's "Motion to Dismiss," (Doc. No. 14), is **GRANTED**;

<mark>3</mark>

5. Defendant the Honorable Jesse B. Caldwell is **DISMISSED** from the action;

6. Defendant CitiMortgage, Inc is **DISMISSED** from the action; and

7. Plaintiff must show cause within fourteen (14) days of the date of this Order why her case against Defendant Simpson and Defendant Dover Mortgage Company should not be dismissed for failure to timely serve them.

Signed: January 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge